IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

SHARON HARRIS, JAMES TODD HARRIS,
TAMMY DENISE DELAROSA, KIMBERLY
SUE RACHALL, KEVIN SCOTT HARRIS,
STEPHANIE VICTORIA CROY, DANIEL
HARRIS, and BRIDGETTE HARRIS, individually
and on behalf of all wrongful death beneficiaries
of R.C. HARRIS, deceased                                                          PLAINTIFFS

v.                       Case No. 4:19-cv-00155-KGB

MOLDEX-METRIC, INC., *et al.*                                                     DEFENDANT

## OPINION AND ORDER

Plaintiffs Sharon Harris, James Todd Harris, Tammy Denise Delarosa, Kimberly Sue Rachall, Kevin Scott Harris, Stephanie Victoria Croy, Daniel Harris, and Bridgette Harris, who are the wrongful death beneficiaries of R.C. Harris, deceased, filed this wrongful death products liability claim pursuant to the Arkansas Products Liability Act, Arkansas Code Annotated § 16-116-101, *et seq*. Before the Court is a motion for summary judgment filed by defendant Moldex-Metric, Inc. ("Moldex") (Dkt. No. 11). Plaintiffs filed a response in opposition to the motion for summary judgment (Dkt. No. 21), and Moldex filed a reply (Dkt. No. 23). For the following reasons, the Court grants Moldex's motion for summary judgment (Dkt. No. 11).

I.  **Statement of Facts**

Unless otherwise stated, the facts are drawn from Moldex's statement of undisputed material facts and plaintiffs' response to Moldex's statement of facts (Dkt. Nos. 13, 20).

On October 11, 2013, R.C. Harris, the decedent, filed a products liability lawsuit against Moldex in the Circuit Court of Jones County, Mississippi ("the Mississippi case"), alleging that he had "lung disease and silica related conditions, caused by exposure to respirable crystalline

silica while working at Dresser Rand Industries, f/k/a Arrow Industries of Louisiana, Missouri at locations in Mississippi, specifically Laurel, Mississippi, from 1994-2008" (Dkt. No. 13, ¶ 1). Mr. Harris claimed that he "was exposed to silica from the use of [Moldex's] products" (*Id.*). The Mississippi case was litigated during the next two years and ended in a final adjudication on the merits on April 1, 2015, when the court entered an order granting summary judgment to Moldex (*Id.*, ¶ 2). Mr. Harris appealed the judgment but later voluntarily dismissed with prejudice his appeal *(Id.*, ¶ 3).

On January 23, 2019, Sharon Harris and the other wrongful death beneficiaries of Mr. Harris filed this wrongful death products liability case against Moldex alleging that Mr. Harris had "lung disease, lung cancer due to silicosis, and silica related conditions, caused by exposure to respirable crystalline silica and other respirable dusts while working at Dresser Rand Industries, f/k/a Arrow Industries in several states including, but not limited to, Arkansas, Louisiana, and Mississippi from 1994 until 2008" (Dkt. 13, ¶ 4). Again, plaintiffs here claim that Mr. Harris "was exposed to silica from the use of [Moldex's] products." (*Id.*).

Moldex asserts that this wrongful death case involves the same parties and is based upon the same facts and circumstances as the Mississippi case that was adjudicated on the merits in 2015 (*Id.*, ¶ 5). Plaintiffs disagree and maintain that they were not parties to the Mississippi case (Dkt. No. 20, ¶ 5). Plaintiffs contend that the lung cancer and wrongful death claims were not pending in the Mississippi case because Mr. Harris did not have lung cancer at the time and because he was alive; therefore, according to plaintiffs those claims were not adjudicated in the Mississippi case (*Id.*).

## II. Standard Of Review

Summary judgment is proper if the evidence, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue of material fact and that the moving party is entitled to entry of judgment as a matter of law. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A factual dispute is genuine if the evidence could cause a reasonable fact finder to return a verdict for either party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). "The mere existence of a factual dispute is insufficient alone to bar summary judgment; rather, the dispute must be outcome determinative under the prevailing law." *Holloway v. Pigman*, 884 F.2d 365, 366 (8th Cir. 1989).

Parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. *See Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984). Mere denials or allegations are insufficient to defeat an otherwise properly supported motion for summary judgment. *See Commercial Union Ins. Co. v. Schmidt*, 967 F.2d 270, 271–72 (8th Cir. 1992); *Miner v. Local 373*, 513 F.3d 854, 860 (8th Cir. 2008). The initial burden is on the moving party to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The burden then shifts to the non-moving party to establish that there is a genuine issue to be determined at trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Prudential Ins. Co. v. Hinkel*, 121 F.3d 364, 366 (8th Cir. 2008).

## III. Discussion

The parties agree on the relative Mississippi law with respect to res judicata and collateral estoppel; however, they disagree on how the laws apply to the facts of this case (Dkt. No. 22, at 3). Moldex asserts that plaintiffs' claims are barred by res judicata and collateral estoppel because

the judge in the Mississippi case granted summary judgment in favor of Moldex on Mr. Harris' original products liability claim (Dkt. No. 11, ¶¶ 2, 5).  Plaintiffs maintain in part that they were not parties to the Mississippi case and that their wrongful death claim did not exist until Mr. Harris died, so res judicata and collateral estoppel do not apply to the claims in this lawsuit (Dkt. No. 22, at 1).  Plaintiffs also assert that the type of injury involved in the current suit is different from the type of injury involved in the Mississippi case and that "under Mississippi law claims for separate injuries [are] divisible." (*Id.*, at 3).  The question then, for resolving Moldex's motion for summary judgment, is whether the requirements of res judicata or collateral estoppel are satisfied for the Mississippi case to preclude the current action.

### A. Legal Standard

The preclusive effect of a prior state-court judgment is determined by the Constitution's Full Faith and Credit Clause, Article IV, § 1, as implemented by the federal Full Faith and Credit Statute, 28 U.S.C. § 1738.  *Rick v. Wyeth, Inc.*, 662 F.3d 1067, 1069 (8th Cir. 2011).  The Full Faith and Credit Clause requires a previous judgment to be honored by all States.  *See Baker by Thomas v. Gen. Motors Corp.*, 422 U.S. 222, 232-33 (1998).  The Full Faith and Credit Clause is "applicable in a federal court when the first suit has been in a state court and the second is in a federal court." *Stokes v. Twin City Motors, Inc.*, 490 F. Supp. 742, 745 (E.D. Ark. 1980) (citing *American Surety Co. v. Baldwin*, 287 U.S. 156 (1926)).

"In examining whether a final decision in a state-court judgment precludes a subsequent federal court action, [courts] 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" *Zutz v. Nelson*, 601 F.3d 842, 847 (8th Cir. 2010) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*,

465 U.S. 75, 81 (1984)). Therefore, the Court must analyze the res judicata and collateral estoppel effect of Mr. Harris' Mississippi case under Mississippi law.

In Mississippi, an order granting summary judgment is considered a final adjudication on the merits for purposes of the Full Faith and Credit Clause. *See Palmer v. Biloxi Reg'l Med. Ctr. Inc.*, 649 So. 2d 179, 184 (Miss. 1994) ("A successful summary judgment motion results in a final adjudication of the merits of a case.").

The doctrine of res judicata operates to bar a subsequent attempt to litigate a claim that has already been decided. *In re Estate of Bell*, 976 So. 2d 965, 967 (Miss. Ct. App. 2008). "Res judicata prevents litigation of all grounds for . . . recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Quinn v. Estate of Jones*, 818 So. 2d 1148, 1151 (Miss. 2002) (citing *Brown v. Felsen*, 442 U.S. 127 (1979)). Under Mississippi law, plaintiffs' claims are barred by res judicata if four "identities" are present: (1) identity of the subject matter of the action; (2) identity of the cause of action; (3) identity of the parties to the cause of action; and (4) identity of the quality or character of a person against whom the claim is made. *Id.* (citing *Dunaway v. W.H. Hopper & Associates, Inc.*, 422 So. 2d 749, 751 (Miss. 1982)). The defendant bears the burden of proving res judicata as a defense. *Hinton v. Rolison*, 175 So. 3d 1252, 1258 (Miss. 2015).

Collateral estoppel is the doctrine that protects "litigants from the burden of re-litigating an identical issue with the same party or his privy." *Gibson v. Williams*, 186 So. 3d 836, 845 (Miss. 2016). Collateral estoppel precludes relitigating a specific issue, which was: (1) actually litigated in the former action; (2) determined by the former action; and (3) essential to the judgment in the former action. *Id.* Collateral estoppel likewise requires "identity of the parties from one suit to the next…, and [p]rivity, succession in interest, and relationship are terms used to express

5

these identities." *State ex rel. Moore v. Molpus*, 578 So. 2d 624, 640 (Miss. 1991) (citations omitted). The defendant also bears the burden of proving collateral estoppel as a defense. *McCarty v. Wood*, 249 So. 3d 425, 435 (Miss. Ct. App. 2018).

### B.     Res Judicata

Plaintiffs concede that the fourth identity of res judicata—the identity of the quality or character of a person against whom the claim is made—is present because Moldex was the defendant in the Mississippi case and is the defendant here (Dkt. No. 21, at 4). However, the parties disagree on whether the other three identities of res judicata are satisfied. The Court analyzes whether the identity of the subject matter of the action, the identity of the cause of action, and the identity of the parties to the cause of action are present in the light of the undisputed record evidence in this case.

#### 1.     Identity Of The Subject Matter Of The Action

For res judicata to apply, the subject matter of the action must be the same in both cases. Mississippi defines the subject matter of an action as "the substance of the lawsuit." *Clark v. Neese*, 262 So. 3d at 1123. "*Res judicata* bars a second action between the same parties on the subject matter directly involved in the prior action." *Id.* (quoting *Harrison v. Chandler-Sampson Ins., Inc.*, 891 So. 2d 224, 232 (Miss. 2005)); *see, e.g.*, *In re Estate of Bell*, 976 So. 2d at 968 (finding the identity of the subject matter present where both cases concerned the same automobile accident).

The undisputed record evidence in this case establishes that identity of the subject matter of the action is present. In the Mississippi case, Mr. Harris complained of "lung disease and silica related conditions, caused by exposure to respirable crystalline silica while working at Dresser Rand Industries, f/k/a Arrow Industries of Louisiana, Missouri at locations in Mississippi,

specifically Laurel, Mississippi, from 1994 [to] 2008." (Dkt. No. 11-1, at 2). Similarly, plaintiffs in this case complain that Mr. Harris suffered from "lung disease, lung cancer due to silicosis, and silica related conditions, caused by exposure to respirable crystalline silica and other respirable dusts while working at Dresser Rand Industries, f/k/a Arrow Industries in numerous states including, but not limited to, Arkansas, Louisiana, and Mississippi from approximately 1994 until 2008. . . ." (Dkt. No. 2, at 2).

Plaintiffs contend that the subject matter of the action is different because the Mississippi action did not include claims for wrongful death or lung cancer, as Mr. Harris was alive at the time of the Mississippi case and had not yet been diagnosed with lung cancer (Dkt. No. 22, at 3). The Court finds that, although plaintiffs may assert different types of damages suffered by Mr. Harris, the subject matter of both cases is the same because both deal with Mr. Harris' alleged exposure to respirable crystalline silica while performing the same job during the same period of time. Accordingly, identity of the subject matter is present and this element of res judicata is satisfied.

### 2.     Identity Of The Cause Of Action

The cause of action must also be the same in both cases for res judicata to apply. The Supreme Court of Mississippi has defined "cause of action" as "the underlying facts and circumstances upon which a claim has been brought." *Clark*, 262 So. 2d at 1123 (citing *Hill v. Carroll Cnty.*, 17 So. 3d 1081, 1085 (Miss. 2009)). This requirement is met when the claims center upon the same set of facts and same allegations of liability. *See In re Estate of Bell*, 976 So. 2d at 968.

Moldex maintains that the identity of the cause of action is present because the facts and allegations of liability are nearly verbatim between the cases (Dkt. No. 12, at 6). However, plaintiffs contend that the causes of action are different because the current case includes wrongful

death and lung cancer claims, which were not included in the Mississippi case because Mr. Harris was alive and had not yet been diagnosed with lung cancer (Dkt. No. 22, at 3). Plaintiffs further contend that, under Mississippi law, claims for separate injuries are divisible even if they are the result of the same injury (*Id.*). Therefore, plaintiffs assert that Mr. Harris' prior claim that he suffered from silicosis does not bar plaintiffs from bringing claims that Mr. Harris also suffered from lung cancer and wrongful death because of the same alleged exposure to silica (*Id.*). The case that plaintiffs direct the Court to in support of this assertion deals with the statute of limitations for wrongful death claims and does not address whether claims for different types of damages are divisible for purpose of determining the preclusive effect of res judicata. *See Gentry v. Wallace*, 606 So. 2d 1117, 1122 (Miss. 1992).[1]

The Court finds the cause of action is the same in both cases. Both causes of action are grounded in the same underlying facts and circumstances, which are Mr. Harris' alleged exposure to respirable silica while working at Dresser Rand Industries from approximately 1994 until 2008. The only difference in the present action is the unfortunate fact that Mr. Harris developed lung disease and is now deceased. The fact that the damages plaintiffs seek in the present action differ from the Mississippi case has little bearing on the relevant analysis. Both causes of action are also grounded in the same products liability theories of failure to warn and defective design. Accordingly, the Court finds that the cause of action is the same in both cases and that this identity is present for purposes of res judicata.

---

[1] This case was overruled by *Jenkins v. Pensacola Health Trust, Inc.*, 933 So. 2d 923 (Miss. 2006), which was subsequently abrogated in part by *Saul ex rel. All Wrongful Death Heirs of Cook v. South Central Reg'l Med. Ctr., Inc.*, 25 So. 3d 1037 (Miss. 2010). These cases have no effect on whether res judicata precludes plaintiffs from bringing their claims in this lawsuit.

### 3.     Identity Of The Parties To The Cause Of Action

The third requirement for res judicata is that the parties to the cause of action be the same in both cases. This requirement is satisfied when the parties are in privity with one another. *Clark*, 262 So. 3d at 1124 (citing *In re Estate of Bell*, 976 So. 2d at 968). Strict identity is not required. *Id.* In Mississippi, "a wrongful death suit is a derivative action by the beneficiaries. Those beneficiaries, therefore, stand in the position of their decedent." *Carter v. Miss. Dep't of Corr.*, 860 So. 2d 1187, 1192 (Miss. 2003); *see* Miss. Code Ann. § 11-7-13. "A wrongful death beneficiary is only allowed to bring claims that the decedent could have brought if the decedent had survived." *Cleveland v. Mann*, 942 So. 2d 108, 118–19 (Miss. 2006).

Plaintiffs maintain that this identity is not satisfied because neither Sharon Harris nor any of Mr. Harris' heirs who are plaintiffs in this action were a party to the Mississippi action (Dkt. No. 22, at 4). Moldex claims that this identity is present because plaintiffs are Mr. Harris' wrongful death beneficiaries and therefore "stand in his shoes" for purposes of this action (Dkt. No. 12, at 7). The undisputed record evidence shows that the plaintiffs are the wrongful death beneficiaries of Mr. Harris, which means that they are in Mr. Harris' position for the purposes of this action. The Court finds that identity of the parties is satisfied.

For the foregoing reasons, the Court finds that all four identities required to satisfy res judicata under Mississippi law are present here. Because res judicata applies to the plaintiffs' claims, plaintiffs are precluded from bringing this action.

### C.     Collateral Estoppel

Plaintiffs claim that collateral estoppel does not preclude them from litigating the issues in this lawsuit because Arkansas products liability law does not require a plaintiff to prove a feasible design alternative, which was the basis for the grant of summary judgment in the Mississippi case

(Dkt. No. 22, at 5). Therefore, plaintiffs contend that the issues that need to be litigated in Arkansas have not been fully adjudicated on the merits as they were not present in the Mississippi action and collateral estoppel does not apply (*Id.*). Moldex asserts that plaintiffs base their cause of action on the same claims as Mr. Harris' Mississippi case, which are grounded in products liability theories of failure to warn and defective design (Dkt. No. 12, at 7-8). According to Moldex, the issues were litigated to final judgment in the Mississippi case and were authoritatively decided on their merits; therefore, collateral estoppel bars plaintiffs from relitigating the issues here (*Id.*). Moldex also contends that the Full Faith and Credit Clause requires this Court to honor the Mississippi decision and that the elements of Arkansas products liability law are irrelevant because the plaintiffs are precluded from relitigating Mr. Harris' products liability claims (*Id.*).

Under the Full Faith and Credit Clause of the United States Constitution, the Court must apply the preclusion doctrine as framed by the law of the original adjudication, if that is a state court. The undisputed record evidence shows that the judge in the Mississippi case decided the issues of Mr. Harris' products liability claims on the merits and that those issues were essential to the judgment in that case. Furthermore, the parties to both actions are the same because plaintiffs in this case are in privity with Mr. Harris and because Moldex is the defendant in both cases. The Court finds that collateral estoppel precludes this court from assessing the products liability issues raised by plaintiffs.

This Court must recognize the Mississippi decision pursuant to the Full Faith and Credit Clause of the United States Constitution and apply the doctrine of collateral estopped as framed by the law of Mississippi. It is irrelevant that the law for determining a products liability claim in Arkansas is different than the law in Mississippi. Accordingly, the Court finds that collateral

estoppel precludes plaintiffs from relitigating the issues of Mr. Harris' products liability claims in this case.

### IV.     Conclusion

The Court finds that res judicata and collateral estoppel bar plaintiffs from bringing this subsequent action, after Mr. Harris' claims in the Mississippi case were finally adjudicated on the merits in 2015. For these reasons, the Court grants Moldex's motion for summary judgment and dismisses plaintiffs' claims with prejudice (Dkt. No. 11).

It is so ordered this 21st day of June, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge